# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS
# (EASTERN DIVISION)

_____

**RYAN SPERZEL and DARIA SHENEFIELD,**

        **Plaintiffs,**

**v.**                                    **Civil Action No.:**

**JAKE ROBBINS,**

        **Defendant.**

_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### PARTIES

1. The plaintiff, Ryan Sperzel, is an adult citizen of the State of New York and resides at 35 Constitution Court, Tuxedo, New York.

2. The plaintiff, Daria Shenefield, is an adult citizen of the State of New York and resides at 35 Constitution Court, Tuxedo, New York. Daria Shenefield is the mother of Ryan Sperzel.

3. The defendant, Jake Robbins, is an adult citizen of the Commonwealth of Massachusetts and resides at 42 Lake Shore Drive North, Westford, Middlesex County, Massachusetts 01886.

### JURSIDICTION AND VENUE

4. This Court has personal jurisdiction over the defendant, Jake Robbins, because he is a citizen of the Commonwealth of Massachusetts and permanently resides in Massachusetts. Venue is proper in the Eastern District because the defendant is the only party residing in the District of Massachusetts and he resides in the Eastern Division. Subject matter jurisdiction is based upon diversity of citizenship and the amount in controversy exceeds $75,000.

## **GENERAL ALLEGATIONS**

5. On December 28, 2014, the plaintiff, Ryan Sperzel, was on vacation with his mother, Daria Shenefield, his two brothers, and his stepfather, Daniel Shenefield, at the Lifestyles Tropical Beach Resort (the Resort) in Puerto Plata, Dominican Republic.

6. The plaintiffs were staying in a rented villa at the Resort.

7. On December 28, 2014, at approximately 6:00 p.m., the plaintiffs and their family and friends had dinner at a restaurant located on the Resort's property.

8. After dinner, the plaintiff, Ryan Sperzel, returned to his family's rented villa and changed his clothing in preparation of attending an outdoor celebration sponsored by the Resort. The celebration provided a stage for performers, a show, and dancing.

9. During the celebration, the plaintiff, Ryan Sperzel, sat at the table with his family and did not leave the table the entire time while he was at the celebration. Sperzel, who was 22 years old at the time, did not consume any alcoholic beverages during the day or evening of December 28, 2014.

10. After spending approximately one hour and one-half at the celebration, Ryan Sperzel left the event with his family and friends at approximately 8:30 p.m. and returned to his family's rented Villa to change his attire for an evening out with his brother, Matthew.

11. Ryan, his two brothers, and a family friend, Devon Connell, left the villa at approximately 9:15 p.m. and approached the golf cart in the villa's driveway that they intended to use that evening as transportation at the Resort.

12. Ryan Sperzel's brother, Benjamin and his friend, Devon Connell, went into the villa to get a towel to dry off the golf cart because it had been raining.

13. While standing by the golf cart, the plaintiff, Ryan Sperzel, and his brother Matthew heard and saw the defendant, Jake Robbins, waving and calling them over to him. Robbins was standing in front of the villa located next to the Sperzel's villa.

14. Ryan Sperzel did not know the person that was calling and waving him over and Ryan had never seen him before.

15. Ryan and Matthew Sperzel approached Robbins who was accompanied by his cousin.

16. Jake Robbins stated that Ryan Sperzel's father insulted his mother by calling her a whore. Robbins kept repeating this accusation.

17. Ryan Sperzel told Robbins that he had the wrong people and that his father was not at the Resort.

18. Robbins described Ryan's father as a bald black man. Neither Ryan's biological father nor his stepfather is black or bald.

19. Robbins' cousin repeatedly told Robbins that he did not have the right people and tried to pull Robbins back and away from Ryan. Robbins continued to state that Ryan's father called his mother a whore.

20. Robbins continued to move closer and closer to Ryan Sperzel. As Ryan Sperzel turned and walked back to his family's villa, Robbins followed him and kicked him in the back. Ryan Sperzel turned around and told Robbins that he had the wrong people, to leave his family alone, and not to return.

21. Robbins' cousin continued to tell him (Robbins) that he had the wrong people. The cousin apologized to Ryan Sperzel for Robbins' behavior.

22. At this time, Jake Robbins swung his arm and hit Ryan Sperzel on the left side of his face with his closed fist. Ryan Sperzel was facing toward Robbins at the time of the punch but was not looking at him. Ryan did not see the punch coming.

23. The punch was powerful and made with great force, dazing Ryan Sperzel. Ryan did not swing back. He walked away and told Robbins to get out of here.

24. At all relevant times during Ryan Sperzel's encounter with Jake Robbins, Robbins was under the influence of alcohol and was intoxicated.

25. After Ryan Sperzel was hit in the face, Devon Connell immediately entered the Sperzel's villa and said that someone was beating up Ryan. Ryan Sperzel's mother, Daria Shenefield, and other friends and family immediately exited the villa and approached Ryan. Daria Shenefield accompanied Ryan back into the villa. At this time, Ryan was in great pain, bleeding from the mouth, and splitting up blood.

26. Accompanied by his family, Ryan Sperzel went to the Resort's Medical Center for treatment that was located approximately two minutes away from the Sperzel's villa. A medical provider examined Ryan's jaw and told him he needed to go to the hospital.

27. Ryan Sperzel went to the Centro Medico Bournigal, a private hospital located in Puerto Plata, Dominican Republic. During the early morning hours of December 29, 2014, an x-ray was taken and Ryan was diagnosed with a broken jaw. The treating doctor suggested that Ryan have surgery, but recommended that he fly back to the United States where he would receive adequate care.

28. During the early morning hours of December 29, 2014, the Sperzel family spoke with security personnel at the Resort and the CESTUR police, an agency created to protect tourists. The police told Ryan Sperzel and his family that an arrest could not be made that night.

29. On December 29, 2014, at approximately 9:00 a.m., Jake Robbins was arrested by the CESTUR police. In separate vans, the Resort transported the Sperzel family and the Robbins family to the CESTUR police station where a criminal complaint was filed against Jake Robbins.

30. Later that same day, the Resort transported the Sperzel and Robbins family to the Puerto Plata police station and met with police personnel. The police told Ryan and his family that they needed to take the matter up with the local prosecutor.

31. Ryan Sperzel and his family met with the prosecutor and he told them that he needed proof of Ryan's broken jaw from a public, not a private hospital.

32. Because Ryan Sperzel could not be seen by a public hospital for days and he was in great pain, he and his family were forced to leave the Dominican Republic on December 29, 2014 to obtain adequate medical treatment for Ryan.

33. When Ryan Sperzel arrived in the United States, he immediately went to the Valley Hospital in New Jersey where he was diagnosed with a mandible fracture of his jaw. He was told to take liquids with a straw and to see a surgeon the next day.

34. On the next day, December 30, 2014, Ryan underwent surgery to reset his broken jaw. Ryan's mouth was wired shut for three and one-half weeks.

35. As a result of being struck by the defendant, Ryan Sperzel has suffered severe and permanent injuries including, but not limited to, temporomandibular joint dysfunction (TMJ), headaches, popping sounds in his ears, clicking sounds in his jaw, ear pain and pressure, difficulty opening his mouth, difficulty chewing and eating, jaw pain, jaw cracking, sensitivity to sound, lumps and adhesions along the jaw line, misalignment of his teeth, neck pain, and severe anxiety and depression.

## COUNT I

## CLAIM OF THE PLAINTIFF, RYAN SPERZEL, AGAINST THE DEFENDANT PREDICATED ON AN INTENTIONAL BATTERY

36. The plaintiffs reassert, re-allege, and incorporate by reference all of the preceding paragraphs as though set forth herein.

37. The defendant intentionally struck the plaintiff, Ryan Sperzel, in his face with a closed fist without consent, justification, or provocation.

38. The defendant's striking of the plaintiff in the face was committed with the intent to cause harmful bodily contact.

39. The defendant's striking of the plaintiff proximately caused his physical pain, physical impairment, bodily injuries, illness, humiliation, insult, and indignity.

WHEREORE, the plaintiff, Ryan Sperzel, demands judgment against the defendant in an amount sufficient to fully compensate him for his injuries and damages, for costs of this litigation, for interest as allowed by law, and for all other just or proper relief.

## COUNT II

### CLAIM OF THE PLAINTIFF, RYAN SPERZEL, AGAINST THE DEFENDANT PREDICATED ON AN INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

40. The plaintiffs reassert, re-allege, and incorporate by reference all of the preceding paragraphs as though set forth herein.

41. The action of the defendant in striking Ryan Sperzel was intentional and constitutes extreme and outrageous conduct.

42. The conduct of the defendant was beyond all permissible bounds of decency and is wholly intolerable in a civilized society.

43. The defendant's striking of Ryan Sperzel was with the intent to inflict emotional distress or created a substantial likelihood that emotional distress would result.

44. The defendant was not privileged to touch Ryan Sperzel.

45. Ryan Sperzel suffered bodily harm as a result of being struck in the face by the defendant.

46. The defendant's striking of Ryan Sperzel in the face caused him to suffer severe emotional distress and anguish including, but not limited to, depression and extreme anxiety.

WHEREORE, the plaintiff, Ryan Sperzel, demands judgment against the defendant in an amount sufficient to fully compensate him for his injuries and damages, for costs of this litigation, for interest as allowed by law, and for all other just or proper relief.

## COUNT III

### CLAIM OF THE PLAINTIFF, RYAN SPERZEL, AGAINST THE DEFENDANT PREDICATED ON NEGLIGENCE AND RECKLESSNESS

47. The plaintiffs reassert, re-allege, and incorporate by reference all of the preceding paragraphs as though set forth herein.

48. The defendant, Jake Robbins, owed a duty to exercise reasonable care not to physically or emotionally harm Ryan Sperzel.

49. At the time the defendant struck Ryan Sperzel with his fist, the defendant was incapable of forming an intent to injure due to his severe intoxication.

50. The striking of Ryan Sperzel by the defendant, Jake Robbins, with his closed fist was done negligently and recklessly without justification or provocation.

51. The injuries sustained by Ryan Sperzel were proximately caused by the defendant's striking him in the face with his closed fist with great force and violence.

WHEREORE, the plaintiff, Ryan Sperzel, demands judgment against the defendant in an amount sufficient to fully compensate him for his injuries and damages, for costs of this litigation, for interest as allowed by law, and for all other just or proper relief.

## COUNT IV

### CLAIM OF THE PLAINTIFF, DARIA SHENEFIELD, AGAINST THE DEFENDANT PREDICATED ON LOSS OF CONSORTIUM UNDER G.L. c. 231, § 85X

52. The plaintiffs reassert, re-allege, and incorporate by reference all of the preceding paragraphs as though set forth herein.

53. The plaintiff, Daria Shenefield, is the maternal mother of Ryan Sperzel.

54. Ryan Sperzel was dependent on his mother for financial support and other support prior to being struck by the defendant and at all times after the incident.

55. Ryan Sperzel was seriously injured as a result of the battery inflicted on his person by the defendant, Jake Robbins.

56. Ryan Sperzel's injuries are of such severity and permanence as to render him physically, emotionally, and financially dependent on his mother.

57. As a result, the lives and the relationship between Ryan Sperzel and his mother, Daria Shenefield, have been significantly restructured and their expectations of enjoying those experiences normally shared by parents and children have been seriously impaired.

58. The loss of Ryan Sperzel's filial consortium suffered by his mother, Daria Shenefield, was proximately caused by the battery inflicted upon Ryan Sperzel by the defendant, Jake Robbins, and the resulting physical and psychological injuries sustained by Ryan caused by being struck in the face by the defendant.

WHEREORE, the plaintiff, Daria Shenefield, demands judgment against the defendant in an amount sufficient to fully compensate her for her injuries and damages, for costs of this litigation, for interest as allowed by law, and for all other just or proper relief.

## COUNT V

## CLAIM OF THE PLAINTIFF, DARIA SHENEFIELD, AGAINST THE DEFENDANT PREDICATED ON INTENTIONAL AND RECKLESS INFLICTION OF EMOTIONAL DISTRESS

59. The plaintiffs reassert, re-allege, and incorporate by reference all of the preceding paragraphs as though set forth herein.

60. The conduct of the defendant in striking Ryan Sperzel in the face was reckless and extreme and outrageous.

61. The defendant knew that his conduct would cause emotional distress to Ryan Sperzel's mother or he should have known that emotional distress was a likely consequence of his conduct.

62. The plaintiff, Daria Shenefield, came upon her son immediately after he was struck in the face by the defendant.

63. She immediately learned that her son was struck in the face by the defendant and she had substantial contemporaneous knowledge of the defendant's outrageous conduct.

64. Within moments after the attack by the defendant, Daria Shenefield saw her son's injuries and his painful and distressful response to those injuries.

65. From the moment of Ryan's Sperzels' injuries to the present, Daria Shenefield has had a severe emotional response to the event, Ryan's injuries, and his physical and emotional condition after the injury. Her responses include, but are not limited to, stomach pain and inflammation of the stomach, stomach ulcers, anxiety and stress, and difficulty sleeping. She has taken medication for her stomach conditions.

66. The defendant acted with reckless indifference to the likely effect of his conduct on Ryan Sperzel's mother and his conduct was the proximate cause of her injuries.

WHEREORE, the plaintiff, Daria Shenefield, demands judgment against the defendant in an amount sufficient to fully compensate her for her injuries and damages, for costs of this litigation, for interest as allowed by law, and for all other just or proper relief.

THE PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL COUNTS OF THEIR COMPLAINT.

By their attorneys,

/s/ Joseph P. Musacchio
BBO #365270
KREINDLER & KREINDLER LLP
855 Boylston Street
Boston, MA  02116
(617) 424-9100

Dated: December 18, 2015